# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OBIEKWE STEPHEN OKWUDIL UGOCHUKWU,<br><br>      Plaintiff,<br><br>vs.<br><br>CSC, GEO, FRED BALLARD, ROB FURLOW, CLIFF CAVINS, BRENDA BRITTON, KATTY WOOD, PATTY DAVIS, JASON KLEIN, LISA POTTER MASTERS, CHELENA DEWITT, NORMA JEAN STRAUSS, C/O BAILEY, A. LARRY, F. LARRY, DAVID McCURRY, DEBBIE C.,<br><br>      Defendants. | CIVIL NO. 06-418-DRH |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

      Plaintiff, a federal detainee and inmate in the Kenosha County Jail in Kenosha, Wisconsin, bring this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.

### IN FORMA PAUPERIS

      This action is before the Court on Plaintiff's motions to proceed *in forma pauperis* (Docs. 3 and 13). The Court finds that Plaintiff, an inmate currently incarcerated in the Kenosha County Jail, is indigent and unable to pay the full filing fee in advance; therefore, leave to proceed *in forma pauperis* is **GRANTED**. Pursuant to 28 U.S.C. § 1915(b), **IT IS HEREBY ORDERED** that Plaintiff shall pay the **$350.00 filing** fee applicable to this civil action as follows:

1. Plaintiff has been without funds for six months and is currently without funds, and he appears to have no means currently with which to pay an initial partial filing fee.

>    Accordingly, the Court will not assess an initial partial filing fee.  *See* 28 U.S.C. § 1915(b)(4).

2.  Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account until the filing fee is paid in full.

3.  The agency having custody of Plaintiff shall forward payments from Plaintiff's account to the Clerk of this Court each time the amount in the account exceeds $10 until the filing fee is paid.  Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202.

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.

The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to Plaintiff and to the Warden at Kenosha County Jail *upon entry of this Order*.

### THRESHOLD REVIEW

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>    (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any

supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal for failure to state a claim.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **COUNT 1:** Against unspecified defendants for deliberate indifference to Plaintiff's serious medical needs.
>
> **COUNT 2:** Against Defendants Wood and Cavins for unconstitutional retaliation.
>
> **COUNT 3:** Against unspecified defendants for deliberate indifference to Plaintiff's serious medical needs.

## COUNT 1

Plaintiff, a federal Immigration and Customs detainee, was transferred from the Federal Medical Center in Lexington, Kentucky, to the Tri County Justice Detention Center in Ullin, Illinois, ("Tri County") in January 2005. Plaintiff suffers from an unspecified disability and takes a number of medications. From his arrival in January 2005 to the end of February 2005, Plaintiff was denied all of his medications by unspecified defendants. As a result of being without these medications, Plaintiff fell in his cell on February 28, 2005, hitting his head. He was taken to the Union County Hospital in Anna, Illinois, for treatment. In addition to treating the injury, the hospital physician represcribed all of the medications Plaintiff had been denied at Tri County. Plaintiff believes that his fall was a direct result of the denial of the medications by defendants. Plaintiff states that he

informed Immigration and Customs agents McDaniel and Stevens (not defendants) about the denial of the medications, but neither of them did anything to ensure that Plaintiff received them.

Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at —, 114 S.Ct. at 1977. As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters,* 97 F.3d 987, 991-992 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997). However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.... Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official

knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.

> Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as defendant is deliberately indifferent to the prisoner's health – that is, only if he 'knows of and disregards an excessive risk to inmate health or safety.'

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir.), *cert. denied,* 516 U.S. 993 (1995); *see also Steele*, 82 F.3d at 179 (concluding there was insufficient evidence of doctor's knowledge of serious medical risk or of his deliberate indifference to that risk; emphasizing that even malpractice is not enough proof under *Farmer*); *Miller v. Neathery*, 52 F.3d 634, 638-39 (7th Cir. 1995) (applying *Farmer* mandate in jury instruction). However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur. *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996).

Based on Plaintiff's allegations and these legal standards, Plaintiff may have stated facts sufficient to support a claim of deliberate indifference to his serious medical needs. However, Plaintiff fails to state a claim because he has not specified by name any defendants personally responsible for denying him his medications. The reason that Plaintiffs, even those proceeding pro se, for whom the Court is required to liberally construe their complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so

these defendants are put on notice of the claims brought against them and so they can properly answer the complaint.  *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Fed. R. Civ. P. 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery").  Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*,143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").  Because Plaintiff has not named any defendants personally responsible for denying him the medications, he has failed to state a claim on these facts.  Accordingly, Count 1 is **DISMISSED** from the action without prejudice.  *See* 28 U.S.C. § 1915A.

**COUNT 2**

Plaintiff states that he filed a complaint against some of the defendants (he does not specify which ones) with his immigration attorney and with the immigration judge on his case "for defendants intentionally placing Plaintiff in a dangerous situation or manifest indifference for plaintiff safety."  Plaintiff's attorney also requested of the immigration judge that Plaintiff be transferred to a facility in Oakdale, Louisiana, so that he might receive better medical care, be closer to his family, and be closer to witnesses relevant to his immigration case.  Plaintiff states that the Immigration Judge granted this "change of venue," but that Defendants Katty Wood and Cliff Cavins refused to allow the transfer to go through in retaliation for Plaintiff's filing the complaint against them.  Plaintiff states that the defendants never transferred him per the Immigration Judge's order, even after the judge granted a second request.  Plaintiff further states that Defendant Cavins

intercepted some of his mail to various United States Senators and other federal officials, and thereafter, the denial of medical treatment became "more pronounced." Plaintiff urged Immigration and Customs officials to investigate his treatment at Tri County, but no investigation was undertaken. Plaintiff states that as retribution for the complaints, defendants did not replace the light in his cell for one week, leaving it dark, and during that time his cell was flooded. Due to the darkness and water, he fell causing a "broken screw in the region of the tararnavicular joint." Plaintiff believes that this mistreatment rises to the level of torture, in violation of the Convention Against Torture.

The Court interprets these facts as a claim for unconstitutional retaliation for complaining about the conditions of his confinement. Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Plaintiff names only Defendants Wood and Cavins in this Count. Based on Plaintiff's allegations and these legal standards, Count 2 against Defendants Wood and Cavins cannot be dismissed at this point in the litigation.

### COUNT 3

Plaintiff states that on August 8, 2005, Plaintiff's government-issued walker collapsed while he was using it, trapping his testicles in the broken pieces. Since the accident, unspecified defendants have refused to provide him with follow-up medical treatment with a urologist, despite

Plaintiff's complaints of blood in his urine and continued pain. The defendants have also refused to request a new walker from Immigration and Customs. Plaintiff believes that this denial of medical care is intentional and malicious.

Plaintiff has stated facts that may constitute deliberate indifference to his serious medical needs. However, here, as in Count 1, Plaintiff's claim fails because he has not specified by name any defendants personally responsible for denying him medical treatment. Under section 1983, "to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.' " *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Plaintiff has named no defendants personally responsible for denying his medical treatment as described in this count. Accordingly, Count 3 is **DISMISSED** from the action without prejudice. *See* 28 U.S.C. §1915A.

### DISPOSITION

Plaintiff may proceed against Defendants Wood and Cavins on Count 2 of the complaint only. Counts 1 and 3 are **DISMISSED** as specified above. All other defendants are **DISMISSED** from the action; Plaintiff has made no claims that any of the other defendants were personally responsible for any constitutional deprivations.

**IT IS ORDERED** that Plaintiff shall complete and submit a USM-285 form for *Defendants Wood and Cavins* within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order. The Clerk is **DIRECTED** to send Plaintiff **2** USM-285 forms with Plaintiff's copy of this Memorandum and Order. **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver

of Service of Summons) and Form 1B (Waiver of Service of Summons) for *Defendants Wood and Cavins*. The Clerk shall forward those forms, USM-285 forms submitted by the Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on *Defendants Wood and Cavins* in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of the Tri County Justice Detention Center who no longer can be found at the work address provided by Plaintiff, the facility shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from the Tri County pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days

after a transfer or other change in address occurs.

## PENDING MOTIONS

Also pending before the Court are three motions to appoint counsel (Docs. 4, 14, and 15), a motion to amend the complaint (Doc. 15), and a motion to consolidate cases (Doc. 5).

Plaintiff's three motions for appointment of counsel (Docs. 4, 14, and 15) are **REFERRED** to the magistrate judge for disposition.

As to Plaintiff's motion to amend the complaint,

> Federal Rule of Civil Procedure 15(a) dictates that leave to amend a pleading "shall be given whenever justice so requires," *see Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 773 (7th Cir. 1995); and, indeed, the rule expressly grants a plaintiff one opportunity to amend her complaint as a matter of course before a responsive pleading is served.

*Camp v. Gregory*, 67 F.3d 1286, 1289 (7th Cir. 1995). However, under the local rule, "[t]he original to the proposed amendment to a pleading or amended pleading itself should accompany the motion to amend so that it may be filed *instanter* if the motion is granted. All new material in a pleading shall be underlined." Local Rule 15.1; *see* FED.R.CIV.P. 15. Plaintiff's motion does not conform to the local rule in that Plaintiff does not include with the motion to amend a proposed amended complaint that contains all claims against all defendants. Consequently, Plaintiff's motion to amend (Doc. 15) is **DENIED**. If Plaintiff wishes to amend the complaint, he must file another motion so requesting that conforms to the federal and local rules.

In Plaintiff's motion to consolidate cases (Doc. 5), he seeks to consolidate a number of similar cases which he filed in the Northern District of Illinois. Plaintiff's counsel appointed in that district filed the motion. Because of differences in the case numbers and dispositions since they have been transferred to this district, the motion (Doc. 5) is **DENIED**. If Plaintiff still wishes his

cases to be consolidated, he must file another motion making the same request and using the case numbers issued in this District.  The Court notes that two of the cases referenced in that motion have been dismissed since their transfer here.  *See Ugochukwu v. Ballard*, Case No. 06-513-JLF (S.D. Illinois, closed August 2, 2006); *Ugochukwu v. Ballard*, Case No. 06-581-DRH (S.D. Illinois, closed October 10, 2006).

**IT IS SO ORDERED.**

**DATED:  December 11, 2006**


                /s/    David RHerndon
                **DISTRICT JUDGE**